# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

EDUARDO LOPEZ-RIVERA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 17-1782 (ADC)
[Related to Criminal No. 12-656 (ADC)]

## OPINION AND ORDER

Eduardo López-Rivera ("López-Rivera") pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) and 2. On January 22, 2013, the Court sentenced him to 96 months of imprisonment and a term of 5 years of supervised release. **Crim. No. 12-656 (ADC), ECF No. 62**. López-Rivera now petitions the court, under 28 U.S.C. § 2255, to issue an amended judgment ordering his federal sentence to run concurrent to several sentences that the Court of the Commonwealth of Puerto Rico imposed after his federal sentence.[1] **ECF No. 1**. López-Rivera argues that his federal and Commonwealth sentences "are based on the same conduct," and "considering the ruling in *Puerto Rico v. Sánchez-Valle*, 136 S.Ct. 1863 (2016), any term he has served at the local level for the same criminal conduct should be accredited to his federal sentence, since the *Double Jeopardy Clause* prohibits dual punishment for the same offense." **ECF No. 1** at 2. López-Rivera further petitions the Court to order the

---

[1] The Puerto Rico criminal cases to which petitioner makes reference are: No. CLA2013G0070, CLA2013G0071, CLA2013G0072, CLA2013G0089 and CLA2013G0090. **ECF No. 1** at n. 1.

Bureau of Prisons ("BOP") to credit him for the time served for his Commonwealth sentence and apply it towards his federal sentence. *Id.*

This Court sentenced López-Rivera before the Commonwealth Court sentenced him to a term of imprisonment to be served concurrently with his federal sentence. **ECF No. 1** at 1. Nonetheless, López-Rivera claims that the BOP "transferred him to the [Commonwealth] System as soon as his [Commonwealth sentence] was imposed so that he would serve his [Commonwealth] sentence first." **ECF No. 1** at 1. He further claims that the BOP will not grant him any credit for said time-served, because his federal sentence lacks language stating that both sentences are to run concurrently, and the BOP simply discards any time served in state custody, since it is not technically time served under federal custody. **ECF No. 1** at 1. However, as López-Rivera's petition and a search in the BOP Inmate Locator indicates, López-Rivera is not in federal custody and is instead in custody of the Commonwealth prison system.

On March, 28, 2018, the government opposed the petition for habeas relief on several grounds. The government first argues that a § 2255 petition is the improper vehicle for López-Rivera's petition because the proper vehicle for challenging the BOP's execution of his sentence is a petition under 28 U.S.C. § 2241. **ECF No. 10**.

A "motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and

prison conditions." *Thornton v. Sabol,* 620 F.Supp.2d. 203, 206 (D.Mass. 2009) (emphasis in original) (quoting *Jiminian v. Nash,* 245 F.3d. 144, 146 (2nd Cir. 2001)). On the other hand,

> Only a limited class of claims may be brought under § 2255: claims involving 'the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum allowed by law, or is otherwise subject to collateral attack."

*Rogers v. United States*, 180 F.3d 349, 357 (1st Cir. 1999) (quoting 28 U.S.C. § 2255).

It well established that a prisoner seeking credit for prior time in custody must exhaust administrative remedies before seeking judicial review of any determination of credit for time served. *Id.* at 358 (citing 28 C.F.R. §§ 542.10–542.16). And, the proper avenue for reviewing the BOP's determination is § 2241. *Id.*

López-Rivera is not challenging the validity of his federal sentence. Instead, he challenges the BOP's alleged failure to credit time he alleges having served towards his federal sentence. But, López-Rivera has not claimed, much less shown, that he has exhausted administrative remedies. At this stage of his sentence, the alleged harm is only hypothetical: López-Rivera is not in federal custody. Thus, the Court construes López-Rivera's petition as one under § 2241 and **DENIES** it for lack of jurisdiction because he has failed to exhaust administrative remedies.

The government's second argument is that if the Court were to accept López-Rivera's petition as one under § 2255, then it is untimely because it was filed after § 2255's one year-statute of limitations.[2] **ECF No. 10** at 4 (citing 28 U.S.C. § 2255(f)(1)). The federal habeas statute

---

[2] The government's third and final argument is that, even if the Court were to consider the petition on its merits, it fails because López-Rivera's federal and Commonwealth sentences are not for the same offenses; thus, he is not

establishes a one-year period of limitations within which a prisoner in federal custody may file a habeas petition, which runs from "(1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. On May 27, 2015, the First Circuit Court of Appeals issued its mandate affirming López-Rivera's conviction. **Crim. No. 12-656 (ADC), ECF No. 90**. Because López-Rivera did not appeal the First Circuit's decision, his conviction became final on or about August 25, 2015, 90 days after "the time expire[d] for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003) (citing Sup. Ct. R. 13). López-Rivera filed his habeas petition on June 9, 2017, well after the one-year statute of limitations expired in August of 2016. *See* **ECF No. 1**. And, López-Rivera has not made an argument for equitable tolling. *See Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) ("A habeas petitioner bears the burden of establishing the basis for equitable tolling.") (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

López-Rivera's petition would not be timely under the alternative ground that in *Sánchez-Valle* the Supreme Court recognized a new constitutional right. Although § 2255(f) provides that the limitation period can run from "the date on which the right asserted was initially recognized by the Supreme Court," in *Sánchez-Valle* the Supreme Court did not expressly declare that its ruling would apply retroactively to cases on collateral review. *See Santana-Ríos v. United States* 235 F.Supp. 3d 386 (D.P.R. Jan. 30, 2017) (citing *Tyler v. Cain*, 533 U.S. 656, 668 (2001)).

---

exposed to double jeopardy. **ECF No. 10** at 5-7. Because the Court will dismiss the petition for lack of jurisdiction, it will not rule on these issues.

Accordingly, if the Court were to consider the habeas petition as properly filed under § 2255, the petition would be **DISMISSED** for lack of jurisdiction.

## II.      Conclusion

This is López-Rivera's third attempt at amending his federal sentence to reflect that it will run concurrent to his Commonwealth sentence. *See* **Crim. No. 12-656 (ADC), ECF No. 97** (denying motion to amend judgment to reflect concurrent sentence); **ECF No. 112** (denying, for lack of jurisdiction, López-Rivera's second motion to amend the judgment). López-Rivera recognizes that the Commonwealth Court imposed its sentence to run concurrently to his federal sentence. **ECF No. 1**. However, he is not in custody of the BOP. Whether or not the BOP will credit him the time he is currently serving in Commonwealth prison is speculative—at least at this stage of the proceedings. If the BOP eventually does not credit his time served, he must still comply with the gate-keeping requirements of § 2241 and exhaust administrative remedies before seeking relief from this Court.

In light of the above, López-Rivera's petition for habeas relief, **ECF No. 1**, is **DENIED** for lack of jurisdiction. The case is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 15th day of October, 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**